**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| GAIL WATSON, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:08-CV-70-CDL-GMF |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ erred by finding that Claimant is not disabled pursuant to Listing 12.06.**

II. **Whether the ALJ erred by failing to consider all of Claimant's severe impairments and their impact on her overall disability and/or RFC.**

III. **Whether the ALJ erred by failing to properly articulate reasons for rejecting**

**Claimant's subjective complaints.**

**IV.    Whether the VE's hypothetical provided substantial evidence on which to base the ALJ's finding of jobs available to Claimant.**

**V.     Whether the ALJ erred by not utilizing a medical expert to evaluate whether Claimant's medical and mental health conditions medically equaled a Listing.**

## Administrative Proceedings

Claimant filed for disability benefits on or about April 1, 2004. (T-15, 81). Claimant's application was denied initially and on reconsideration. (T-15, 43, 48). Claimant then filed a request for a hearing before an administrative law judge (ALJ), which was held on July 19, 2007. (T-15, 41, 528-48). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated July 30, 2007. (T-15-22). Thereafter, the Appeals Council denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-4-7).

## Statement of Facts and Evidence

Claimant alleges a disability beginning August 11, 1990, comprised of the following impairments: poorly controlled hypertension, panic attacks, anxiety disorder, headaches/migraines, diabetes, depression, borderline intellectual functioning, and obesity. (T-15; R-9, p. 3). After examining the medical records, the ALJ determined that Claimant has anxiety, an impairment which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed

in 20 CFR Part 404, Subpart P, Appendix 1. (T-17). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to perform a full range of work at all exertional levels with some nonexertional limitations. (T-20). Accordingly, the ALJ made a finding of not disabled.

## DISCUSSION

**I.      Whether the ALJ erred by finding that Claimant is not disabled pursuant to Listing 12.06.**

Claimant argues that the ALJ erred by finding Claimant not disabled because her severe impairment of anxiety did not meet or medically equal Paragraph B of Listing 12.06. (R-9, p. 11). As stated above, as part of the sequential analysis, the Commissioner must determine whether the claimant's severe impairment(s) meets or equals a Listing. The Eleventh Circuit has held that:

> To "meet" a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *See* 20 C.F.R. § 404.1525(a)-(d). To "equal" a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." *See* 20 C.F.R. § 404.1526(a). If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment.

*Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).

The claimant bears the burden of proving that an impairment meets or equals a Listing. *Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). If the claimant contends

that she has an impairment that medically equals a Listing, "the claimant must present medical evidence which describes how the impairment has such an equivalency." *Bell v. Bowen*, 796 F.2d 1350, 1353 (11th Cir. 1986). The Eleventh Circuit has held that, "While Appendix 1 must be considered in making a disability determination, it is not required that the Secretary mechanically recite the evidence leading to her determination." *Hutchison v. Bowen*, 787 F.2d 1461, 1463 (11th Cir. 1986).

Determining that Claimant's severe anxiety impairment does not meet or equal one of the listed impairments, the ALJ particularly and thoroughly evaluated evidence relating to Listing 12.06, paragraph B. (T-17). Listing 12.06, paragraph B, requires marked restriction of activities of daily living; social functioning; maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 12.06B. The ALJ properly gave substantial weight to Dr. Bach's consultative psychological evaluation. (T-18). While Dr. Bach noted that Claimant has limited overall judgment and social responsibility as well as poor psychological insight, Dr. Bach observed that Claimant lived alone at the time of the assessment, and overall, failed to indicate that Claimant experienced "marked" limitations of the type contemplated by Listing 12.06B. (T-259, 262). The ALJ further notes the consistent opinions of the state agency medical consultants. (T-18-19). The record indicates, and the ALJ observes, that Claimant sought hospital treatment several times; however, this Court agrees with Respondent's contention that Claimant offers little more

than her subjective statements to support her claims.  (T-19; R-10, p. 7).[2]

Accordingly, Claimant did not meet her burden of proving that Listing 12.06 is either met or medically equaled, and no error is found.[3]  As noted above, it is not the duty of this court to re-weigh the evidence, but to ensure that the Commissioner followed the correct procedure in determining disability.  The ALJ's conclusions are supported by substantial evidence in the record, and no error is found.

**II.     Whether the ALJ erred by failing to consider all of Claimant's severe impairments and their impact on her overall disability and/or RFC.**

Claimant argues that the ALJ erred by failing to consider Claimant's other allegedly severe impairments, including obesity, hypertension, chest pain, migraines, depression, dependant personality disorder, and borderline intellectual functioning.  (R-9, pp. 14-15). A medically determinable impairment or combination of impairments is only determined to be "severe" if it *significantly limits* an individual's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Therefore, an ALJ is not required to find an impairment to be severe if he finds that the impact on the person's ability to perform work-related functions to be no more than minimal. SSR 96-3p; 20 C.F.R. § 404.1521.

Claimant has failed to carry her burden of proving that her alleged impairments, aside from anxiety, significantly limit her ability to do basic work activities.  In his Findings, the

---

[2] As discussed below in Section III, the ALJ properly discredited Claimant's subjective allegations regarding her limitations.

[3] Claimant does not appear to argue, nor does this Court find, that the ALJ erred by finding that Claimant's condition did not meet or medically equal the requirements of Listing 12.06, paragraphs A and C.

ALJ extensively discusses all of Claimant's alleged impairments. (T-17-19). As noted above, it is not the duty of this court to re-weigh the evidence but to ensure that the Commissioner followed the correct procedure in determining disability. A review of the ALJ's findings fails to support Claimant's contention that the ALJ acted outside the scope of the Regulations in determining the severity of Claimant's impairments.

Moreover, the Eleventh Circuit's decision in *Council v. Barnhart*, No. 04-13128 (11th Cir. Dec. 28, 2004), guides this case, holding, "the ALJ could not have committed any error at step two because he found that [Claimant] had a severe impairment or combination of impairments and moved on to the next step in the evaluation, which is all that is required at step two." *Id.* at *4 (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Here, the ALJ continues the sequential analysis after finding Claimant's anxiety to be a severe impairment at step two.

Ultimately, the ALJ concluded that Claimant has the residual functional capacity to perform a full range of work at all exertional levels but imposed non-exertional limitations based on Claimant's inability to follow simple instructions without difficulty and sustain focused attention on tasks, limited judgment with social responsibility but poor insight, and limited ability to interact with the public or co-workers. (T-20). Claimant has failed to show that her additional allegedly severe impairments have imposed other limitations on her ability to work. Regarding Claimant's contention that the ALJ erred at step two, it is found that the ALJ applied the appropriate legal standards, and further, that his decision is supported by substantial evidence.

Claimant next argues that because the ALJ erred by failing to find some of Claimant's alleged impairments to be severe, he then erred by failing to consider whether all of Claimant's impairments, in combination, met or equaled a Listing. (R-9, p. 16).[4] However, the Eleventh Circuit has considered an ALJ's statement that he evaluated the combined effects of a claimant's impairments enough to prove that the ALJ did, in fact, do so. *Jones v. Dept. of Health and Human Services*, 941 F.2d 1529, 1533 (11th Cir. 1991); *Wheeler v. Heckler*, 784 F.2d 1073, 1077 (11th Cir. 1986). Here, the ALJ states, "The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (T-17). The ALJ's Findings provide a thorough and detailed discussion of Claimant's medical history of record, testimony, and the record as a whole. For all of these reasons, the ALJ's decision in this case is consistent with applicable regulations and case law, and substantial evidence supports his conclusions.

### III. Whether the ALJ erred by failing to properly articulate reasons for rejecting Claimant's subjective complaints.

Claimant asserts that the ALJ erred by failing to consider Claimant's subjective complaints about her symptoms and failing to articulate his reasons for rejecting such testimony as not entirely credible. (R-9, pp. 17-18). In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case record, the adjudicator may find all, only

---

[4]*Council*, No. 04-13128, at *4, contemplates a similar situation, noting that an argument that the ALJ erred by failing to find a severe impairment at step two is actually an argument that the ALJ should have found that the claimant's impairments prevented her from returning to past work at step four.

9

some, or none of an individual's allegations to be credible." S.S.R. 96-7p. Further, a limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.* In this case, the ALJ considered the evidence of record and deemed Claimant's testimony "not entirely credible." (T-21).

Substantial evidence supports the ALJ's assessment of Claimant's credibility. The ALJ notes that Claimant's treatment records from Dr. Bell, St. Mary's Hospital, Athens Regional Medical Center, Mercy Health Center, and Advantage Behavioral Health System "establish no severe physical impairment or combination of impairments." (T-17). The ALJ's credibility assessment is also consistent with the opinions of Claimant's psychologist Dr. Bach and the state agency medical consultants, who found that Claimant had some limitations, to which the ALJ afforded substantial weight and included in his RFC.

As noted above, credibility determinations are left to the Commissioner and not to the courts. Accordingly, no error is found.

**IV.    Whether the VE's hypothetical provided substantial evidence on which to base the ALJ's finding of jobs available to Claimant.**

Claimant urges that substantial evidence does not support the decision of the Commissioner because the hypothetical posed to the vocational expert (VE) did not comprehensively address Claimant's impairments; specifically, Claimant contends that her

testimony that repetitive work is too stressful shows that she cannot perform any jobs. (R-9, pp. 18-19).

In this Circuit, "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999)). However, an ALJ is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In other words, a proper hypothetical need not contain "each and every symptom of the claimant"; the ALJ may choose to omit any alleged limitations he finds are not supported by the medical record. *Ingram v. Comm'r of Soc. Sec.* 496 F.3d 1253, 1270 (11th Cir. 2007).

In this case, the ALJ asked the VE to consider a hypothetical person with the following characteristics: her "ability to interact with the public and/or co-workers is 'rather limited'"; she "is able to sustain focus, attention on tasks but can't count the large amounts of money"; and her "judgment is limited, social responsibility is limited, psychological insight is poor, and [she] is operating at the borderline intellectual functioning." (T-535). The vocational expert testified that such a hypothetical person would be able to perform jobs such as motel housekeeper and egg grader and sorter. *Id*. The VE then testified that if the ALJ gave full credibility to Claimant's subjective testimony that repetitive work is too stressful, Claimant could perform no work. (T-547).

Here, as discussed above in Section III, the ALJ properly discredited some of

11

Claimant's subjective testimony. Particularly, the ALJ did not include a repetitive tasks limitation in Claimant's RFC. (T-20). Accordingly, the ALJ's failure to accept the VE's testimony that Claimant could do no work was not error because the ALJ was not required to accept the VE's answers based upon more restrictive limitations than the ALJ found credible. *See, e.g., Graham v. Bowen*, 790 F.2d 1572, 1576 (11th Cir. 1986) (holding failure of proof regarding an alleged impairment renders any answer given by the vocational expert in response to it irrelevant).

Instead, the ALJ's hypothetical properly contained all of Claimant's credible limitations, and the VE's testimony provided substantial evidence on which to base the ALJ's finding that Claimant could perform other work. No error is found.

## V.     Whether the ALJ erred by not utilizing a medical expert to evaluate whether Claimant's medical and mental health conditions medically equaled a Listing.

Claimant contends that, while the ALJ acknowledged the need for a medical expert to determine whether Claimant's impairments medically equaled a Listing at the hearing, the ALJ erred by failing to consult with a medical expert prior to making his Findings. (R-9, p. 20). Claimant argues that her impairments combine to medically equal a Listing. *Id*. In support of her contention, Claimant cites SSR 96-3. *Id*. SSR 96-6p appears to be more on point. However, SSR 96-6p only requires an updated medical opinion from a medical expert when "no additional medical evidence is received, but in the opinion of the administrative law judge or Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable."

Here, Claimant presents no new medical evidence. As discussed above in Section I, no error is found in the ALJ's conclusion that Claimant's combined impairments do not medically equal Listing 12.06. Claimant does not contend that her combined impairments medically equal a different Listing. After a review of the ALJ's decision, it is clear that he reviewed the medical evidence in the record and properly did not find a basis for requiring a medical expert.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 27th day of February, 2009.

S/ G. MALLON FAIRCLOTH  
UNITED STATES MAGISTRATE JUDGE